IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2009 APR 24 PM 2: 51
OFFICE OF THE CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:07CR3005 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| RICHARD FLEMING, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Defendant, RICHARD FLEMING agree to the following:

## NATURE OF CRIME AND PENALTIES

1. The Defendant will plead guilty to Counts 4 and 13 of the Indictment. Count 4 charges health care fraud, a violation of Title 18, United States Code, Section 1347. Count 13 charges mail fraud, a violation of Title 18, United States Code, Section 1341. The Defendant understands that by entering this plea of guilty as to Counts 4 and 13, the Defendant is exposed to imprisonment of not more than 10 years as to Count 4 and not more than 20 years as to Count 13; and a fine of $250,000, both such fine and imprisonment, a term of supervised release of not more than 3 years, and a $100 special assessment for each count.

2. The defendant further agrees to be permanently excluded from Medicare, Medicaid, Tricare, and all other Federal health care programs, as defined in 42 U.S.C.§ 1320a-7b(f). To that end, the defendant agrees to execute a separate "Exclusion Agreement" with the Office of Counsel to the Inspector General and agrees to have it filed with the appropriate reviewing official at the Office of Inspector General, U.S. Department of Health and Human Services, prior to the date of sentencing.

3. The United States will move to dismiss all remaining counts of the Indictment at

the time of sentencing.

## BREACH OF AGREEMENT

4.  In the event the Defendant violates any term or condition of this agreement, the Defendant shall not, because of such violation of this agreement, be allowed to withdraw the Defendant's plea of guilty.

## SENTENCING ISSUES

5.  Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

   a.  The government will make a non-binding recommendation that the sentence will include a five-year term of probation with six months of house arrest or home detention, and will not include incarceration in a jail-type facility.

   b.  The recommendation of the Government does not preclude the court from imposing other conditions of probation as it deems appropriate.

   c.  The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all victims, not just those pertaining to the count of conviction. The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

## SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

7. This agreement is limited to the United States Attorney's Office for the District of Nebraska, and does not bind any other federal, state or local prosecuting authorities.

8. By signing this agreement, the Defendant agrees that the time between the date the Defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendant stipulates that such period of delay is necessary in order for the Defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a speedy trial.

9. The Defendant agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

10. The United States may use against the Defendant any disclosure(s) the Defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

11. Pursuant to 18 U.S.C. § 3013, the Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendant will make this payment at or before the time of sentencing.

12. By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

13. The Defendant hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction and sentence in this case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The Defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

14. This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

15. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

UNITED STATES OF AMERICA

JOE W. STECHER
United States Attorney

4-24-09
Date

*[signature: Alan Everett]*

ALAN L. EVERETT, #15387
Assistant United States Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, Nebraska 68508
(402) 437-5241

4-24-09
Date

*[signature]*

RICHARD FLEMING
DEFENDANT

4-24-09
Date

*[signature]*

MICHAEL HANSEN
ATTORNEY FOR DEFENDANT