UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
      **Plaintiff**

v.                                        Case Number 4:07CR3005-001

                                         USM Number 21318-047

**RICHARD FLEMING**
      **Defendant**

                                         **MICHAEL J. HANSEN**
                                         **Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to counts IV and XIII of the Indictment on April 23, 2009.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|
| 18 U.S.C. 1347 and 2 - HEALTH CARE FRAUD | October 9, 2002 | IV |
| 18 U.S.C. 1341 and 2 - MAIL FRAUD | March 8, 2004 | XIII |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts I through III and V through XII of the Indictment are dismissed on the motion of the United States.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                                     Date of Imposition of Sentence:
                                                                                August 20, 2009

                                                                                *Richard G. Kopf*
                                                                      United States District Judge

                                                                                 August 21, 2009

# PROBATION

The defendant is hereby sentenced to probation for a term of **5 years**.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2. The defendant shall participate in the Home Confinement Program under electronic monitoring for a period of **6 months**. Home confinement shall commence according to a schedule arranged by the Home Confinement Specialist for the District of Nebraska. The defendant shall comply with the provisions of the Home Confinement Participant Agreement for the District of Nebraska and shall pay for the costs of electronic monitoring.

3. The defendant shall comply with the provisions of the Exclusion Agreement which he entered into with the U.S. Department of Health and Human Services (HHS), which he signed on 4/24/09 and which the HHS signed on 5/11/09.

4. The defendant shall submit his or her person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

5. The defendant shall complete **150 hours** of community service as approved and directed by the United States Probation Officer. The defendant shall be responsible for providing the United States Probation Officer with written proof of the number of hours completed.

6. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the United States Probation officer.

7. The defendant shall provide the United States Probation officer with access to any requested financial information.

8. The requirement of 18 U.S.C. § 3563 (a)(5) regarding drug testing within fifteen (15) days of release on probation and at least two periodic drug tests thereafter, is suspended until further order of the Court because the Presentence Investigation Report on the defendant and other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

9. The defendant shall report to the United States Probation office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of being placed on probation and, thereafter, as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$200.00** | | **$107,244.24** |

### FINE

No fine imposed.

### RESTITUTION

Restitution in the amount of **$107,244.24** is hereby ordered (*see* Schedule of Payments section below).

### SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $200.00.

The defendant shall pay the special assessment and restitution to the Clerk of the U.S. District Court, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102-1322, or Clerk of the U.S. District Court, 100 Centennial Mall North, Room 593, Lincoln, NE 68508.  The defendant shall be responsible for providing proof of payment to the probation officer as directed.  The amount of restitution and other related provisions and conditions are set forth below:

> The defendant shall pay to the Clerk of Court the total sum of $107,244.24 as restitution. From that total sum, $72,244.24 shall be disbursed as restitution for health care fraud and paid to the victims and in the amounts set forth in filing 170. From that total sum, $35,000 shall be disbursed as restitution for research fraud and paid to Physicians Pharmaceuticals, Inc., at an address to be supplied by the United States Attorney.  If less than full payment is made, any such partial payment shall be disbursed first to the individual victims of health care fraud and they shall continue to be paid first until the individual victims of health care fraud have been paid in full.  Once the individual victims of health care fraud have been paid in full, subsequent partial payments shall be made to the corporate victims of health care fraud and to the corporate victim of research fraud until that class of victims have been paid in full.   Once the corporate victims of health care fraud and research fraud have been paid in full, subsequent partial payments shall be made to the governmental victims of health care fraud.  Payments to individual victims as class, corporate victims as a class or governmental victims as a class may be made pro rata or substantially pro rata or in any other equitable manner as determined in the sole discretion of the Clerk of Court.
>
> The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
>
> The criminal monetary penalty is due in full on the date of the judgment.  The defendant is obligated to pay said sum immediately if he has the capacity to do so.  The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program. Using such Program, the defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $ 200 or 15% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 60 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the Clerk of the Court. Unless otherwise specifically ordered, neither the Clerk of the Court nor the Federal Bureau of Prisons shall collect interest on the criminal monetary penalty.

The defendant shall inform the probation officer of any change in his economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the Court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

No later than February 1, 2010, the defendant shall in objective good faith attempt to remedy the financial disclosure deficiencies noted by the government in filing 169 at CM/ECF pp. 4-8 by providing counsel for the government and the probation officer with responsive information. If requested by counsel for the government, the defendant shall submit to a deposition under oath as a part of his obligation to remedy the financial disclosure deficiencies noted by the government.

All of the foregoing provisions regarding restitution are made special conditions of probation the violation of which may result in the revocation of probation.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk