IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3005 |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD FLEMING, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before me for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Section 2255 motion") filed by Defendant, Richard Fleming (filing 183). The motion will be denied.

I.   **Background**

In January of 2007, Defendant was indicted for ten counts of healthcare fraud, two counts of wire fraud and one count of mail fraud (filing 1). A jury trial was held and, on April 22, 2009, the case was submitted to the jury for decision. On April 23, 2009, prior to the jury returning a verdict, counsel advised the court that a plea agreement had been reached (filing 138). At a hearing held on April 23, 2009, Defendant plead guilty to Count IV of the indictment, charging healthcare fraud, and Count XIII of the indictment, charging mail fraud. (Filing 134, Audio File of Plea Hearing.) The remaining counts of the indictment were dismissed by the United States. Defendant was subsequently sentenced to five years probation, six months of house arrest, one hundred and fifty hours of community service and was ordered to pay a $200.00 special assessment and restitution in the amount of $107, 244.24 (filing 176).

In his Section 2255 motion, Defendant contends that (1) he received ineffective assistance of counsel; (2) he was coerced into entering a plea agreement; (3) he is innocent of the charges of which he was convicted; and (4) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to Defendant (filing 183). It plainly appears that each of Defendant's claims are without merit.

## II.  Analysis

### 1.  Ineffective Assistance of Counsel and Coercion

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this framework, Defendant has the burden of proving: (1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and (2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir.2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

Defendant has made no credible allegations that he received ineffective assistance of counsel. Defendant has wholly failed to present any information to suggest that Michael Hansen, his able and experienced lawyer, engaged in malpractice or that Defendant was prejudiced by anything Mr. Hansen did or did not do. To the contrary, Defendant's claim of ineffective assistance of counsel is refuted by the record. Specifically, the record is clear that Mr. Hansen diligently and thoroughly presented Defendant's case to the jury. While Defendant complains that Mr. Hansen failed to prevent the introduction of unfavorable evidence, pursue certain

lines of investigation or present certain evidence (filing 183), there is no indication that additional evidence would have been helpful to Defendant or that Mr. Hansen's decision as to evidentiary submissions or trial strategy was prejudicial or unreasonable under the circumstances.[1] In fact, having observed the trial, it is apparent to the court that Mr. Hansen did an excellent job representing Defendant's interests through a lengthy and complex proceeding. Defendant also testified that he was satisfied with Mr. Hansen's representation of him in this matter. (Filing 134, Audio File of Plea Hearing.) The facts clearly show that Defendant's contention of ineffective assistance of counsel is without merit.

Likewise, there is no evidence that Defendant was coerced by Mr Hansen, or anyone else for that matter, to enter into a plea agreement. Defendant testified that his decision to plead guilty was made free of force, threats or pressures. (Filing 134, Audio File of Plea Hearing.) He stated that he did not feel that the plea agreement was sprung on him and that he believed it was in his best interest to plead guilty. (*Id.*) The court reviewed the provisions of the plea agreement with Defendant and he stated that he understood its provisions. As such, there can be no argument that Defendant did not know what he was signing. (*Id.*) There is simply no evidence of coercion in this case.

## 2. Claim of Innocence

In the plea agreement (filing 138), Defendant expressly waived his right to challenge his conviction and sentence under Section 2255, with certain exceptions outlined in the agreement. This waiver was explained to Defendant at his plea hearing on April 23, 2009. (Filing 134, Audio File of Plea Hearing.) Defendant's current

---

[1] It must be pointed out that Defendant admitted that he falsely reported that he had sixty participants in the soy research study (filing 134 and 135). Thus, Defendant's complaint that Mr. Hansen improperly failed to obtain payroll records to refute this fact is nonsensical.

challenge to his conviction and sentence based on a claim of actual innocence is not excepted from this waiver and, therefore, this alleged ground for relief under Section 2255 is improper and will be denied.

However, even if Defendant were not barred from making such a claim, his allegation of innocence is baseless. Defendant had a trial and the matter was submitted to the jury for decision. Rather than wait for the jury to return a verdict, Defendant knowingly and voluntarily entered into a plea agreement. When questioned by the court as to his guilt or innocence at his plea hearing, Defendant responded that he had no doubt that he was guilty of the charges set forth in Counts IV and XIII of the Indictment. (*Id.*)

### 3.     Prosecutorial Misconduct

Defendant contends that his conviction was obtained as a result of the unconstitutional failure of the prosecution to disclose evidence favorable to Defendant. Defendant complains that the prosecution *may* have obtained "advice" from the Office of Research Integrity which, he speculates, *may* have been favorable to him (filing 183). Defendant also claims that the prosecution either obtained some of his research records from Revival Soy and the State of Nebraska without making them available to him or, alternatively, found reason not to pursue the records further without revealing to him the basis for no longer considering the records relevant. (*Id.*)

There is nothing in the record or the documents accompanying Defendant's Section 2255 motion which supports Defendant's claim of prosecutorial misconduct (filing 183). Defendant only speculates that the prosecution obtained the information complained of and merely guesses that the information allegedly received was favorable to his case. There is no indication that Defendant was even entitled to the information allegedly obtained by the prosecution.   Additionally, Defendant

4

voluntarily acknowledged that he was guilty of the crimes of which he was convicted. (Filing 134, Audio File of Plea Hearing.)  There is no evidence that any improper action by the prosecution in this case caused Defendant to plead guilty.  Accordingly, the court finds that this ground for relief is without merit.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 (filing 183) is denied. A separate judgment will be issued.

October 9, 2009.

                                            BY THE COURT:
                                            *Richard G. Kopf*
                                            United States District Judge